# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| JAY AUBREY ISAAC HOLLIS, | ) ) ) |
| Plaintiff - Appellant, | ) ) ) |
| v. | ) ) ) No. 15-10803 |
| LORETTA E. LYNCH, Attorney General of the United States, et al., | ) ) ) ) |
| Defendants - Appellees. | ) ) ) ) |

## RESPONSE TO APPELLANT'S MOTION FOR JUDICIAL NOTICE

Plaintiff requests that this Court take judicial notice of a document that appears to be an application to make a machine gun submitted to the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) on April 21, 1986, and approved by ATF on September 5, 1986. *See* Mot. for Judicial Notice, Attachment. Plaintiff does not suggest that the application is relevant to his Second Amendment claim, and, as explained in our brief (Appellees' Br. 29-33), plaintiff has waived any challenge to the district court's disposition of his other causes of action. Instead, plaintiff argues that this Court should take judicial notice of the application "because one of Hollis' arguments is that the district court erred by denying Hollis discovery on this very issue." *See* Mot. for Judicial Notice, at 2.

As explained in our brief (Appellees' Br. 34), the district court did not abuse its discretion by denying plaintiff discovery. The court disposed of this case by granting the government's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The court therefore determined that plaintiff failed to state a claim, even accepting as true all of the facts alleged in his complaint.

It is not clear what cause of action plaintiff believes would be supported by evidence that ATF may have mistakenly approved an application to manufacture a machine gun after May 1986. Any such alleged mistaken approval would not preclude ATF from correctly applying the law to deny plaintiff's application to make a machine gun. And the Equal Protection Clause of the Fourteenth Amendment does not entitle plaintiff to the same treatment as any individual who previously has benefited from a government mistake. In any event, the application at issue was submitted prior to the May 1986 amendment of the Gun Control Act to prohibit private possession of machine guns, and ATF's treatment of that application has no bearing on its treatment of plaintiff's application submitted nearly 30 years later.

Respectfully submitted,

MICHAEL S. RAAB
*/s/ Patrick G. Nemeroff*
PATRICK G. NEMEROFF
   *(202) 305-8727*
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7217*
   *U.S. Department of Justice*
   *950 Pennsylvania Ave., N.W.*
   *Washington, D.C. 20530*

FEBRUARY 2016

**CERTIFICATE OF SERVICE**

     I hereby certify that on February 1, 2016, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                 *s/ Patrick G. Nemeroff*
                              PATRICK G. NEMEROFF