# ⓢ Stamboulieh Law, PLLC

P.O. Box 4008, Madison, MS 39130 | (601) 852-3440 | stephen@sdslaw.us

February 8, 2016

Mr. Lyle W. Cayce, Clerk
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

> **Re:** JAY AUBREY ISAAC HOLLIS v. LORETTA E. LYNCH, et al.; No. 15-10803; Citation of Supplemental Authorities pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure

Dear Mr. Cayce:

Mr. Hollis submits this supplemental letter under Fed. R. App. P. 28(j) and 5th Cir. R. 28.4 regarding additional new authority.

In a published opinion on February 4, 2016, the Fourth Circuit in *Kolbe v. Hogan,* 14-1945, 2016 WL 425829 (4th Cir. Feb. 4, 2016) held that an AR-15 is a protected arm and that a complete ban on that arm is subject to strict scrutiny. *Kolbe* also stands for the proposition that once established that an arm is protected by the Second Amendment then strict scrutiny applies. *See Kolbe*, Sections III.A and III.B. Mr. Hollis demonstrated that M16s are protected under the Second Amendment. As such, if the Court decides against a categorical approach to the machinegun ban, then strict scrutiny should apply. *See* Appellant's Opening Brief at pp. 32-39.

Additionally, *Kolbe* discusses the "dangerous and unusual" doctrine as discussed on pages 20-26 of Appellant's Opening Brief. It is obvious that the back and forth between the majority and dissent highlights why it is necessary for this Court to analyze the phrase dangerous and unusual because the current interpretation suffers from a number of logical flaws. The majority held that "… Heller refers to 'dangerous' and 'unusual' conjunctively, suggesting that even a dangerous weapon may enjoy constitutional protection if it is widely employed for lawful purposes…" *Id.* at *9-10.

The dissent disagreed and stated, "As the panel majority would have it, since all firearms are dangerous, the dangerous-and-unusual standard is really only concerned with whether a given firearm is unusual…" *Id.* at *26. This disconnect as to what the phrase truly means is evidenced by the disagreement between the majority and dissent

in *Kolbe*. As such, Appellant urges this Court to make an independent inquiry into the meaning of the phrase dangerous and unusual.

          Yours very truly,

          /s/ Stephen D. Stamboulieh
          Stephen D. Stamboulieh

cc: All counsel of record (by the Court's electronic filing system)