

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W., Rm. 7217
Washington, D.C. 20530

Tel: (202) 305-8727

March 28, 2016

By CM/ECF

Lyle W. Cayce
Clerk, United States Court of Appeals
 for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

    Re:    *Jay Aubrey Isaac Hollis v. Lynch*, 15-10803.

    Plaintiff filed as a supplemental authority the Supreme Court's recent decision in *Jaime Caetano v. Massachusetts*, No. 14-10078 (Mar. 21, 2016) (per curiam). The Court in that case vacated a decision of the Supreme Judicial Court of Massachusetts, because the Massachusetts court had applied an incorrect test to determine whether stun guns are subject to Second Amendment protection. The Massachusetts court had improperly focused on whether stun guns were "in common use at the time of the Second Amendment's enactment," Op. 1 (internal quotation marks omitted), and on whether stun guns were "readily adaptable to use in the military," Op. 2 (internal quotation marks omitted). The Supreme Court did not decide whether stun guns are subject to Second Amendment protection, but instead remanded the case for further proceedings. *See* Op. 2.

    The district court in this case did not commit any of the errors identified by the Supreme Court in *Caetano*. And, although the Supreme Court did not address stun guns in *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Court explicitly rejected an interpretation of the Second Amendment that "would mean that the National Firearms Act's restrictions on machineguns . . . might be unconstitutional," *id.* at 624. The Court's decision in *Caetano* does not cast doubt on the conclusion that machine guns are especially dangerous weapons not designed for use by law-abiding citizens for lawful purposes and therefore not subject to Second Amendment protection. *See* Gov't Br. 14-16 (collecting cases).

Sincerely,

*s/ Patrick G. Nemeroff*

PATRICK G. NEMEROFF
U.S. Department of Justice
Appellate Staff, Civil Division

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2016, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/ Patrick G. Nemeroff*
PATRICK G. NEMEROFF